UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUMAN MALCOLM SONTAG,

    Plaintiff,

v.    CASE NO. 3:09-cv-00930-J-25JBT

MOBRO MARINE, INC.,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions ("Motion") (Doc. 17) and Defendant's Response thereto ("Response") (Doc. 18).

Plaintiff brings his Motion pursuant to Rules 11 and 37(d) of the Federal Rules of Civil Procedure and seeks "any and all sanctions that this Court finds appropriate" for Defendant's (1) failure to produce prior to the filing of the lawsuit, in response to Plaintiff's written requests pursuant to Section 627.4137 of the Florida Statutes, all insurance policies providing legal liability insurance coverage to Defendant; (2) failure to produce, in response to Plaintiff's written requests pursuant to Section 92.33 of the Florida Statutes, a copy of a transcript of Plaintiff's recorded statement; and (3) incomplete and inaccurate responses to Plaintiff's discovery requests for copies of the insurance policies, statements, and photographs. (Doc. 17.)

Plaintiff's Motion acknowledges that at the mediation, "Defendant produced various color photographs, and an alleged transcribed recorded statement of the Plaintiff, and excess insurance policies that were never previously produced or disclosed." (*Id.* at 4.)  Defendant's Response provides that "all of the insurance

policies were provided within the following week (along with supplemental discovery responses), as were color copies of the (black and white) photographs that had been previously produced" and that "[a]dditional documents were later produced at the deposition of Mobro Marine's corporate representative on December 20, 2010." (Doc. 18 at 8 & n.5.) Further, Defendant's counsel's December 21, 2010 letter to Plaintiff's counsel, which responds to the Motion for Sanctions served on Defendant on December 14, 2010, provides that Defendant produced all documents requested by Plaintiff. (Doc. 18-2.) In response to Defendant's counsel's letter, Plaintiff's counsel does not argue otherwise, but states that they would proceed with filing the Motion. (Doc. 18-3.)

In light of Defendant's compliance with all of Plaintiff's requests in less than twenty-one days following the service of the Motion, the Court finds that the Motion, to the extent it is filed pursuant to Rule 11, should not have been filed, even if Rule 11 was the proper procedural mechanism to be used in this situation, which it is not. *See* Fed. R. Civ. P. 11(b) & (c)(2) ("The motion . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."). Rule 11 is not a proper basis for the Motion because Plaintiff does not argue that Defendant presented to the Court "a pleading, written motion, or other paper" that made representations in violation any of the requirements set forth in Rule 11(b).

To the extent Plaintiff seeks sanctions pursuant to Rule 37(d), the Motion does

not "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action," as required by Rule 37(d)(1)(B).  However, even if the Motion included the certification required by Rule 37(d)(1)(B), sanctions would still not be appropriate because of Defendant's compliance with Plaintiff's requests. Therefore, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 17**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on February 17, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record